IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RODNEY BURNELL, | ) | |
| | ) | |
| Plaintiff, | ) | 5:19-cv-01273 |
| | ) | |
| v. | ) | |
| | ) | |
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

NOW COMES the Plaintiff, RODNEY BURNELL, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. RODNEY BURNELL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of San Antonio, County of Bexar, State of Texas.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC (hereinafter, "Defendant") is a business entity engaged in providing cable, wireless, and telephonic communication services throughout the United States and including in Texas. Defendant's principal place of business is located in the State of Michigan. Defendant is incorporated in the State of Texas.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV. ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. At no time on or prior to September 4, 2019 did Plaintiff have a personal credit account with Defendant.

10. At no time on or prior to September 4, 2019 did Plaintiff owe a debt to Defendant.

11. At no time on or prior to September 4, 2019 did Plaintiff have a personal business relationship with Defendant.

12. Given the facts delineated above, prior to September 4, 2019, Defendant had no information in its possession to suggest that Plaintiff owed a debt to Defendant.

13. Given the facts delineated above, prior to September 4, 2019, had no information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

14. On or about September 4, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from the "consumer reporting agency" (Equifax), as that term is defined by 15 U.S.C. §1681a(f).

15. At no time on or prior to September 4, 2019 did Plaintiff consent to Defendant accessing his individual and personal credit report.

16. On or about September 4, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

17. On or about September 4, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report impermissibly.

18. On or about September 4, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

19. On or about September 4, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

20. On or about September 4, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

21. On or about September 4, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on his individual credit accounts.

22. On or about September 4, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

23. On or about September 4, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

24. On or about September 4, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

25. On or about September 4, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as his current and past addresses; date of birth; employment history; and, telephone numbers.

26. On or about September 4, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

27. Defendant's access of Plaintiff's credit report will continue to be displayed on Plaintiff's credit report for two (2) years subsequent to September 4, 2019.

28. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

29. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of his personal information and his credit information and an injury to his credit rating and

reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. JURY DEMAND

30. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RODNEY BURNELL, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

c. Punitive damages;

d. Plaintiff's attorneys' fees and costs; and,

e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**RODNEY BURNELL**

By:   /s/ Leroy B. Scott
      Attorney for Plaintiff

Dated: October 26, 2019

Leroy B. Scott  (Bar # 24083824)
SMITHMARCO, P.C.
PO Box 420453
Houston, TX 77242-0453
Direct Dial:   (214) 329-4717
Facsimile:    (888) 418-1277
E-Mail:       lscott@smithmarco.com